

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 30, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-1268

                                 Re:  Whether the "rider" in the
                                      general appropriation bill
                                      (Subd. (15), Sec. 2 of Art.
                                      III, H.B. 426, Acts 52nd
                                      Leg., 1951, ch. 499, p. 1228)
                                      applies to pickup and panel
Dear Sir:                             trucks.

        In your request for an opinion, after quoting the
"rider" which is the subject of your inquiry, you state that
"this department is contemplating (1) the purchase of a pickup
or (2) a panel truck" and ask:

        "Is either the pickup or the panel truck a
    passenger-carrying vehicle as defined in the above
    quoted section of the rider?

        "Should this department purchase either of the
    above mentioned vehicles during this fiscal year,
    would we be required to sell the same in September
    of the next fiscal year?"

        The "rider" in question (Subd. (15), Sec. 2 of Art.
III, H.B. 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p.
1438) reads in part:

        "All State-owned motor-propelled passenger-
    carrying vehicles under the control of any department,
    commission, board, or other State agency are hereby
    declared to be no longer needed.  Such motor-propelled
    passenger-carrying vehicles shall be sold in compli-
    ance with and as provided for in Article 666, Revised
    Civil Statutes of Texas, as amended, or otherwise as
    provided by law, not later than October 1, 1951.  No
    motor-propelled passenger-carrying vehicle may be pur-
    chased with any of the funds appropriated in this Ar-
    ticle, . . ."

The term "motor-propelled passenger-carrying vehicle" is not defined in the above-quoted rider or elsewhere in the general appropriation bill. In fact, neither the statutes nor the decided cases of this State define the term.

In the Uniform Act Regulating Traffic on Highways, the word "truck" is said to mean "every motor vehicle designed, used, or maintained primarily for the transportation of property." Art. 6701d, Sec. 4(a), V.C.S.

In Article 6675a-1, V.C.S., relating to registration of motor vehicles, a "passenger car" is defined as follows:

"'Passenger car' means any motor vehicle other than a motorcycle or a bus . . . designed or used primarily for the transportation of persons."

This office has heretofore held that the meaning of the term "passenger car" contained in the general appropriation bill adopted by the Forty-seventh Legislature for the biennium ending August 31, 1943, "is to be determined by considering its design and construction." Att'y Gen. Op. O-4182 (1941). In that opinion it was said that if a vehicle is "designed and constructed by the manufacturer for the primary use of carrying passengers, it is a 'passenger car.'" We think the reasoning of that opinion has application to your first question. A motor-propelled vehicle designed and used primarily for the carriage of passengers comes within that portion of the "rider" in question held valid in Attorney General's Opinion V-1253 (1951), which provides that "No motor-propelled passenger-carrying vehicle may be purchased with any of the funds appropriated by this Article, . . . ." On the other hand, a motor-propelled vehicle designed or used primarily for the carriage of property is not a "motor-propelled passenger-carrying vehicle" within the meaning of the "rider," and the purchase thereof from appropriated funds for official use is not prohibited.

Webster's New International Dictionary (2d Ed. 1938) defines "pickup" as "a small commerical body interchangeable with the rear deck of a roadster," and "panel body" as "an enclosed body for a motor truck." In Webster's New Collegiate Dictionary (6th Ed. 1949), "pickup" is defined as "a light commercial truck for quick collection and delivery of goods."

Moreover, a "pickup truck" has been held to be a "truck" within the meaning of the New Mexico statute prohibiting "trucks" from operating in excess of a certain speed. H. W. Bass Drilling Co. v. Ray, 101 F.2d 316 (C.C.A. 10th 1939).

In view of the foregoing, we agree with you that a pickup or panel truck used primarily for the transportation of property is not a "motor-propelled passenger-carrying" vehicle within the meaning of the portion of the "rider" in question prohibiting the purchase of such vehicles. Under the "rider," a pickup or panel truck may be purchased and used for the purpose for which primarily designed.

We believe your question relating to whether the "rider" in question will require the sale or disposition of pickup and panel trucks purchased during the current biennium ending August 31, 1951, is fully answered by Attorney General's Opinion V-1253 dated August 24, 1951, addressed to Honorable Jack H. Drake, Executive Secretary of the Texas Citrus Commission.

## SUMMARY

A pickup or panel truck used primarily for transportation of property is a "truck" as distinguished from a "motor-propelled passenger-carrying vehicle," and the purchase thereof is not prohibited by the "rider" to the general appropriation bill (Subd. (15), Sec. 2 of Art. III, H.B. 426, Acts 52nd Leg., 1951, ch. 499, p. 1228). This "rider" does not require the sale of a pickup or panel truck purchased during the biennium ending August 31, 1951. Att'y Gen. Op. V-1253 (1951).

APPROVED:

C. K. Richards
Trial and Appellate Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Acting First Assistant

EJ:lg

Yours very truly,

PRICE DANIEL
Attorney General

By E. Jacobson

E. Jacobson
Assistant